IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LATAWNYA COWAN,<br><br>              Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA, SHANNON GROTRIAN, Director, Office of Economic Assistance, Individual and Official capacity; and JENNIFER LLOYD, Case Worker, Individual and Official capacity;<br><br>              Defendants. | **8:25CV163**<br><br>**MEMORANDUM AND ORDER** |

    This matter is before the Court on Plaintiff Latawnya Cowan's Complaint filed on March 3, 2025, Filing No. 1, and her requested amendments, Filing No. 6. Plaintiff has been granted leave to proceed in forma pauperis. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

### I. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

    The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF COMPLAINT

Plaintiff sues the State of Nebraska; Shannon Grotrian, Director, Office of Economic Assistance, Individual and Official capacity; and Jennifer Lloyd, Case Worker, Individual and Official capacity. Plaintiff alleges:

Plaintiff is blind, has a mobility disability, and is immunocompromised due to a chronic terminal illness. She receives Supplemental Security Income (SSI) benefits due to her disabilities. Plaintiff has been threatened with harm

due to her role as a victim witness in a federal human trafficking case, and with assistance from law enforcement and domestic violence service providers, follows a safety plan established under the Violence Against Women Act (VAWA), 34 U.S.C. §§ 12291 to § 12514. The defendants compromised Plaintiff's safety by disclosing sensitive information, sending correspondence to unsafe locations, and violating confidentiality regulations under federal programs.

The defendants retaliated against Plaintiff for filing a complaint alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111 to 12117, by denying benefits, refusing accommodations, invading Plaintiff's privacy, and disseminating her confidential information. Plaintiff was deprived of emergency assistance when the heater was out during subfreezing temperatures, denied a VAWA good cause waiver, and excluded from benefits, services, and assistance due to her disability and her civil rights enforcement activities.

Between November 1, 2025, and February 23, 2025, the defendants excluded Plaintiff from equal access to programs, facilities and services. The defendants received Plaintiff's SSI award letter from the Social Security Administration (SSA) verifying Plaintiff's total permanent disability status. Plaintiff applied for emergency food, cash and medical assistance from the defendants, but they denied all requested disability assistance and public accommodations. The defendants refused to comply with USDA and USDHHS special regulations for the blind, elderly and disabled when calculating Plaintiff's entitlement to food and cash assistance. The defendants did not provide disability assistance with forms to determine ongoing eligibility to benefits for herself and her medically fragile son. They refused to provide auxiliary aids, effective accessible communication, a policy modification to

allow necessary specialist medical care for Plaintiff's chronic health conditions, a qualified neutral reader and interpreter/scribe, and federal housing, food, cash, and medical assistance. Plaintiff was not allowed to participate in the welfare-to-work program because she is disabled and needs accommodations.

Plaintiff is eligible for simplified reporting for SNAP and reduced reporting for Aid to Dependent Children/Child only benefits, but the defendants sanctioned her under the rules applicable to non-disabled persons. The defendant did not provide a family unification program voucher to get Plaintiff's child out of foster care.

Plaintiff requests recovery of compensatory and punitive damages for emotional distress, loss of quality of life, and hospitalization due to being unable to refrigerate insulin and other life sustaining medications.

### III. DISCUSSION

Plaintiff requests recovery under 42 U.S.C. § 1983, the ADA, and the VAWA. and Nebraska law claims of invasion of privacy and intentional infliction of emotional distress.

### A. 42 U.S.C. § 1983

Plaintiff seeks recovery under 42 U.S.C. § 1983. To recover under 42 U.S.C. § 1983, Plaintiff must show "the conduct complained of was committed by a person acting under color of state law," and this conduct deprived him of "rights, privileges, or immunities secured by the Constitution or laws of the United States." *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999).

Plaintiff has sued the State of Nebraska. She also brings official capacity claims against Grotrian and Lloyd, both of whom are state employees. A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Campbell v. State of Iowa, Third Judicial Dist. Dept. of Corr. Serv.*, 702 F.3d 1140, 1141 (8th Cir. 2013) (quoting *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir.1999)). So, Plaintiff's claims against

Grotrian and Lloyd, in their official capacities, are claims against the State of Nebraska.

States or governmental entities that are considered arms of the state are not suable "persons" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). Suits for money damages against the state or its agencies are barred by the Eleventh Amendment. *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (holding the Eleventh Amendment bars suit against a state agency for any kind of relief); *Nix v. Norman*, 879 F.2d 429, 431-32 (8th Cir. 1989) (holding a suit brought solely against a state or state agency is proscribed by the Eleventh Amendment). And the Eleventh Amendment bars claims for damages by private parties against state employees sued in their official capacities. See *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995).

Therefore, Plaintiff's claims for damages against the State of Nebraska, and Grotrian and Lloyd, in their official capacities, must be dismissed as barred by the Eleventh Amendment.

Plaintiff also sues Grotrian and Lloyd, in their individual capacities. But other than naming them as defendants, they are not mentioned in her complaint, Filing No. 1, or its amendments, Filing No. 6. Plaintiff has failed to state a § 1983 claim against Grotrian and Lloyd, in their individual capacities.

**B. ADA Claims**

Title II of the ADA requires states to take affirmative steps to ensure that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "Insofar as Title II creates a private cause of action for damages against the States for conduct

that actually violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." *United States v. Georgia*, 546 U.S. 151, 159 (2006).

To determine whether a state's sovereign immunity has been abrogated, the Court "must resolve two predicate questions: first, whether Congress unequivocally expressed its intent to abrogate that immunity; and second, if it did, whether Congress acted pursuant to a valid grant of constitutional authority." *Tennessee v. Lane*, 541 U.S. 509, 517 (2004) (quoting *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000)). As the second requirement, the Court must decide whether Plaintiff has alleged a claim under Title II of the ADA and whether that conduct also violated the plaintiff's constitutional rights. *Lane*, 541 U.S. at 522. The court must then determine whether measures to ensure program accessibility are congruent and proportional to the purpose of enforcing the right of access to federal benefits. *Id*. at 531. Unequal treatment based on disability violates the constitution if there is no rational relationship to a legitimate governmental purpose. *Id*. at 522.

Here, Plaintiff's complaint is replete with broad characterizations, but it lacks factual allegations showing Plaintiff is disabled as defined under the ADA, and if so, the actions or inactions she believes violated Title II of the ADA and the constitution. Without a better description of the factual basis for her claim, the Court cannot embark on deciding whether the Nebraska's Eleventh Amendment immunity has been abrogated with respect to the claims Plaintiff alleges. Plaintiff will be permitted to file an amended complaint to address this jurisdictional issue.

Assuming the Eleventh Amendment does not bar Plaintiff's claim, the Court must consider whether Plaintiff has stated a claim for relief under the ADA. A person is disabled within the meaning of the ADA only if she demonstrates that she has a physical or mental impairment which

substantially limits one or more of her major life activities, that she has a record of such an impairment, or that she is regarded as having such an impairment. *Amir v. St. Louis University*, 184 F.3d 1017, 1027 (8th Cir. 1999). "Major life activities under the ADA are basic activities that the average person can perform with little or no difficulty, including 'caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.'" *Battle v. United Parcel Serv., Inc.*, 438 F.3d 856, 861 (8th Cir. 2006) (quoting 29 C.F.R. § 1630.2(I)).

Plaintiff's complaint provides no detailed description of her disabilities and therefore no ability to determine whether she is entitled to ADA protections. And as previously stated, she has not alleged what, where, when, how, and by whom her ADA rights were allegedly violated. She has also not explained her needs and requests for accommodations, or the facts supporting her belief that she was retaliated against for asserting her ADA rights. Plaintiff's complaint fails to state an ADA claim. Plaintiff will be afforded an opportunity to file an amended complaint.

**C. VAWA Claim**

Plaintiff states she is asserting a right to monetary recovery against the defendant under the civil rights provisions of the VAWA, 34 U.S.C.A. § 12361. This portion of the VAWA is unconstitutional and cannot provide a basis for recovery. *United States v. Morrison*, 529 U.S. 598 (2000).

**D. Nebraska Law Claims**

Plaintiff alleges a right to recover for invasion of privacy and intentional infliction of emotional distress. Under Nebraska law, "[a]ny person, firm, or corporation that trespasses or intrudes upon any natural person in his or her place of solitude or seclusion, if the intrusion would be highly offensive to a reasonable person, shall be liable for invasion of privacy." Neb. Rev. Stat. Ann. § 20-203. Invasion of privacy under § 20-203 is narrowly construed as applying

solely to intentional interference with the plaintiff's "interest in solitude or seclusion, either as to his person or as to [her] private affairs or concerns, of a kind that would be highly offensive to a reasonable [person]." *Kaiser v. W. R/C Flyers, Inc.*, 477 N.W.2d 557, 562 (Neb. 1991) (quoting Restatement (Second) of Torts § 652 at 378 cmt. a).

To state a claim for intentional infliction of emotional distress under Nebraska law, a plaintiff must allege facts showing: (1) there has been intentional or reckless conduct, (2) that was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and is to be regarded as atrocious and utterly intolerable in a civilized community, and (3) the conduct caused emotional distress so severe that no reasonable person should be expected to endure it. *Heitzman v. Thompson*, 705 N.W.2d 426, 430–31 (Neb. 2005). "Whether conduct is extreme and outrageous is judged on an objective standard based on all the facts and circumstances of the particular case." *Id.*

As previously stated, Plaintiff's complaint does not describe the circumstances of any incidents, inactions, or actions by the defendants that caused the harm described in her complaint. Without these factual allegations, Plaintiff has failed to state a claim for invasion of privacy or intentional infliction of emotional distress. But as with the claims arising under federal law, Plaintiff will be granted leave to file an amended complaint.[1]

---

[1] Based on a cursory review, it appears sovereign immunity does not bar Plaintiff's claims for invasion of privacy and intentional infliction of emotional distress. *Wadman v. State*, 510 N.W.2d 426, 431 (Neb. App. 1993) (invasion of privacy); *Raz v. United States*, 343 F.3d 945, 948 (8th Cir. 2003) (intentional-infliction-of-emotional-distress claim not barred by FTCA's analogous intentional-torts exception). But this memorandum and order makes no determination on that issue. If Plaintiff has no federal claim, the Court may choose not to exercise supplemental jurisdiction over her state law claims, thereby mooting any need to consider the parameters of Nebraska's sovereign immunity waiver.

## IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2). Plaintiff's complaint fails to state a claim upon which relief may be granted. She will be granted leave to file an amended complaint.

Accordingly,

IT IS ORDERED:

1. Plaintiff's motion for leave to amend her complaint, Filing No. 6, is granted, and the allegations within that motion were considered in performing this initial review.

2. Plaintiff shall have until **November 20, 2025**, to file an amended complaint that sufficiently states her claims against the defendants. In her amended complaint, Plaintiff must state facts supporting her claims, including what the defendants did to her, when they did it, how they did it, and how those actions or inactions harmed her. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.

3. The Court reserves the right to conduct further review of Plaintiff's claim pursuant to 28 U.S.C. §§ 1915(e) in the event she files an amended complaint.

4. The Clerk of Court is directed to set a pro se case management deadline using the following text: **November 20, 2025**: check for amended complaint.

5. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of her

current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 21st day of October, 2025.

BY THE COURT:

_____
Cheryl R. Zwart
United States Magistrate Judge