IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

LATAWNYA COWAN,

                    Plaintiff,

          vs.

STATE OF NEBRASKA, SHANNON
GROTRIAN, Director, Office of
Economic Assistance, Individual and
Official capacity; and JENNIFER
LLOYD, Case Worker, Individual and
Official capacity;

                    Defendants.

8:25CV163


MEMORANDUM AND ORDER

This matter is before the Court on a request for accommodation from Plaintiff LaTawnya Cowan received via e-mail to the Clerk of the Court. Plaintiff asks that she be permitted to e-mail documents to the Court for filing due to her disability and because the Public Access to Court Electronic Records ("PACER") website is not accessible to her. For the reasons that follow, the Court will deny Plaintiff's request, will remove her electronic filing access, and will require her to submit filings via the U.S. mail.

## I. BACKGROUND

The Court sets out the following background, which is helpful in evaluating Plaintiff's request. Plaintiff filed her Complaint, Filing No. 1, and a motion for leave to proceed in forma pauperis, Filing No. 2, on March 3, 2025, by mailing her documents to the Court, *see* Filing No. 1 at 8. Plaintiff requested and was granted electronic filing access on March 27, 2025. *See* Docket Sheet (Public Remark dated Mar. 27, 2025). On May 1, 2025, Plaintiff filed a motion to amend by mailing the document to the Court. *See* Filing No.

6 at 4. On October 21, 2025, the Court conducted an initial review of the Complaint and the allegations in Plaintiff's motion to amend, determined that Plaintiff's Complaint failed to state a claim upon which relief may be granted, and gave Plaintiff 30 days to file an amended complaint. Filing No. 7. The Clerk of the Court sent a copy of the initial review order to Plaintiff at her e-mail address on file with the Court and it was returned to this Court as undeliverable. *See* Filing No. 8. The Clerk of the Court also attempted to contact Plaintiff via telephone, but all phone numbers previously provided by Plaintiff were invalid. Additionally, the Clerk of the Court sent an e-mail to an alternative e-mail address provided by Plaintiff in her Complaint, *see* Filing No. 1 at 1, and received an unsigned response that Plaintiff is deceased. On October 27, 2025, the Court ordered Plaintiff to update her contact information, including her e-mail, mailing address, and phone number, within 30 days or face dismissal of this action without further notice. Filing No. 9.

On November 7, 2025, the Clerk of the Court received an e-mail purporting to be from Plaintiff indicating her e-mails had been hacked, providing an updated e-mail address, and asking for forms and to file documents by e-mail. Plaintiff was instructed to update her e-mail address via the PACER website if she wished to receive filing notices via e-mail and to file documents electronically, and she was also informed the Court did not have the forms she requested. On November 10, 2025, Plaintiff again e-mailed from the updated e-mail address and asked that she be permitted to file her documents via e-mail because she could not access the PACER website due to her disability. Plaintiff states she is blind and visually impaired.

A search of PACER shows that Plaintiff has filed 15 civil cases in 2025, including two cases in this district, five in the Southern or Eastern Districts of California, three in the Eastern or Western Districts of Missouri, two in the District of Colorado, two in the District of Kansas, and one in the District of Columbia,[1] and two of those fifteen cases were transferred to another district.[2] In all but one of the cases, Plaintiff filed paper documents and did not file documents electronically or by e-mail.

## II. DISCUSSION

Plaintiff seeks to file future documents in this case by e-mailing them to the Court. However, allowing Plaintiff to do so would be contrary to the Court's established procedures and requirements for electronically filing documents with the Court. Pursuant to Federal Rule of Civil Procedure 5(d)(3)(B), "[a] person not represented by an attorney: (i) may file electronically only if allowed by court order or by local rule; and (ii) may be required to file electronically only by court order, or by a local rule that includes reasonable exceptions." This Court's local rules permit pro se parties to use the Court's electronic case filing ("CM/ECF") system ("System") by registering with the PACER system. *See* NEGenR 1.3(b)(1). Moreover, as defined by the Court's local rules, "'[e]lectronic filing' or 'electronically file' means uploading a document directly from a registered user's computer,

---

[1] *See Cowan v. State of Cal. Dep't of Soc. Servs.*, No. 2:25-cv-00697 (E.D. Cal. 2025); *Cowan v. U.S. Dep't of Health & Hum. Servs.*, No. 2:25-cv-01170 (E.D. Cal. 2025); *Cowan v. San Diego Cnty.*, No. 3:25-cv-00342 (S.D. Cal. 2025); *Cowan v. San Diego Cnty.*, No. 3:25-cv-00697 (S.D. Cal. 2025); *Cowan v. U.S. Dep't of health and human servs.*, No. 3:25-cv-00967 (S.D. Cal. 2025); *Cowan v. Col. Springs Hous. Auth.*, No. 1:25-cv-00676 (D. Colo. 2025); *Cowan v. State of Colo.*, No. 1:25-cv-00816 (D. Colo. 2025); *Cowan v. U.S. Dep't of Ag.*, No. 1:25-cv-01081 (D.D.C. 2025); *Cowan v. KVC Behav. Healthcare, Inc.*, No. 5:25-cv-04035 (D. Kan. 2025); *Cowan v. U.S. Dep't of Hous. & Urb. Dev.*, No. 5:25-cv-04039 (D. Kan. 2025); *Cowan v. Mo. Dep't of Soc. Servs.*, No. 4:25-cv-00236 (E.D. Mo. 2025); *Cowan v. Wucher*, No. 2:25-cv-04039 (W.D. Mo. 2025); *Cowan v. State of Mo. Soc. Servs. and Rehab. Servs. for the Blind*, No. 2:25-cv-04084 (W.D. Mo. 2025); *Cowan v. US Dep't of Hous. & Urb. Dev.*, No. 8:25-cv-00339 (D. Neb. 2025).

[2] *See Cowan v. U.S. Dep't of Health & Hum. Servs.*, No. 3:25-cv-02100 (S.D. Cal. 2025) (transferred from E.D. Cal., No. 2:25-cv-01170); *Cowan v. Mo. Dep't of Soc. Servs.*, No. 2:25-cv-04046 (W.D. Mo. 2025) (transferred from E.D. Mo., No. 4:25-cv-00236).

using the court's Internet-based System to file that document in the court's case file. . . . Sending a document to the court via electronic mail (e-mail) or facsimile transmission (fax) is not electronic filing." NEGenR 1.1(d)(5). Moreover, "[a] document faxed or e-mailed to the clerk or assigned judge is not considered filed without a court order." NECivR 5.1(d). As a pro se litigant, Plaintiff is "bound by and must comply with all local and federal procedural rules." NEGenR 1.3(g).

Here, Plaintiff has been granted access to the Court's CM/ECF System by registering with PACER shortly after she filed her Complaint. However, the e-mail address Plaintiff used to register with PACER no longer appears to be valid and an e-mail sent to the alternate e-mail address provided by Plaintiff in her Complaint resulted in a response indicating Plaintiff is deceased. Despite being able to initially register for electronic filing access with PACER, Plaintiff now asserts that she cannot access the PACER website due to her disability and cannot update her e-mail address via PACER, and she asks that the Court allow her to e-mail documents for filing.

Upon consideration, the Court will deny Plaintiff's requested e-mail accommodation. As indicated above, the Court's local rules do not generally permit filing by e-mail. Plaintiff offers no explanation for why she is now unable to access PACER to update her e-mail address when she was able to initially register with PACER on her own. The Court also harbors concerns about whether Plaintiff's request to file via e-mail using her updated e-mail address was actually sent by Plaintiff given her unexplained inability to now access PACER and the e-mail from an address previously provided by Plaintiff indicating that Plaintiff is deceased. At least if Plaintiff were to update her e-mail address via PACER, the Court would have some assurance that she was the same person who registered with PACER initially.

4

Additionally, because Plaintiff states she is unable to access PACER, the Court finds that Plaintiff's electronic filing access should be removed in this case, and all future filings from Plaintiff and notices from the Court should be paper documents sent via the U.S. mail.[3] Plaintiff's litigation history demonstrates that she is able to file paper documents by mailing them to this Court and that she is able to utilize paper filing systems in general. As the District Court for the Eastern District of California found in denying Plaintiff's request to participate in electronic filing in that court,

> [P]laintiff does not have regular access to a computer. ECF No 7 at 1 ("Plaintiff does not have a [sic] accessible computer and has to pay a disability assistant, handicap transit, reader/scribe costs to participate in the case as the library, court website and forms are NOT accessible to the blind . . ."). It appears to the court that neither email service nor electronic filing is not [sic] appropriate in this case due to plaintiff's lack of regular access to a computer. Plaintiff has demonstrated her ability to use the paper filing system by filing this case and by continuing to successfully file motions.

*Cowan v. State of Cal. Dep't of Soc. Servs.*, No. 2:25-cv-00697 (E.D. Cal. May 2, 2025) (Document 9). The Court finds this reasoning applies equally here and will require Plaintiff to file paper documents by mail to conform to the Court's local rules and to alleviate any concerns about the identity of the party e-mailing the Court purportedly as Plaintiff. As such, **Plaintiff is hereby notified that the Court will not accept nor take any action on any future e-mailed or faxed documents she submits for filing in this case or otherwise**. All future filings Plaintiff makes into this case must be made via hand delivery or via United States postal mail.

---

[3] As a one-time courtesy, the Court will send a copy of this Memorandum and Order to the e-mail address Plaintiff used to send her accommodation request as well as to the mailing addresses the Court has on file. However, all future notices will only be sent via U.S. mail.

Plaintiff is reminded that the Court has ordered her to file an amended complaint and to update her current mailing address with the Court.[4] Plaintiff must keep the Court informed of her current mailing address at all times. *See* NEGenR 1.3(e) and (g) (requiring pro se parties to adhere to local rules and inform the Court of address changes within 30 days). On its own motion, the Court will extend the time Plaintiff has to amend her complaint and to update her address to 30 days from the date of this order.

IT IS THEREFORE ORDERED that:

1.    Plaintiff's request for an accommodation allowing her to e-mail documents to the Court for filing is denied.

2.    The Clerk of the Court is directed to terminate Plaintiff's electronic filing access in this case.

3.    The Court will not accept nor take any action on any future e-mailed or faxed documents Plaintiff submits for filing in this case or otherwise. All future filings Plaintiff makes into this case must be made by hand delivering the document to the Clerk of the Court or sending the document via United States postal mail.

4.    Plaintiff has until **December 18, 2025**, to (1) file an amended complaint in accordance with the Court's October 21, 2025, Memorandum and Order, Filing No. 7, and (2) update her mailing address in accordance with the Court's October 27, 2025, Memorandum and Order, Filing No. 9. Failure to do so will result in dismissal of this action without further notice to Plaintiff.

5.    The Clerk of the Court is directed to terminate the November 20, 2025, and November 26, 2025, pro se case management deadlines and to set a

---

[4] Plaintiff was also ordered to update her address in Case No. 8:25-cv-00339. *See* Filing No. 6, Case No. 8:25-cv-00339.

6

pro se case management deadline using the following text: **December 18, 2025**: deadline for Plaintiff to file amended complaint and update address.

6.    The Clerk of the Court is directed to send a copy of this Memorandum and Order and the Court's October 21, 2025, Memorandum and Order, Filing No. 7, to Plaintiff via e-mail at the e-mail address provided in her November 7, 2025, e-mail to the Clerk and via U.S. mail to the addresses on file in this case and in Case No. 8:25CV339.

Dated this 18th day of November, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge